UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE COMVERSE TECHNOLOGY, INC. DERIVATIVE LITIGATION | 06-cv-1849 (NGG)(RER) |

## PRELIMINARY APPROVAL AND SCHEDULING ORDER

The parties to the above-captioned consolidated derivative action (the "Federal Derivative Action") have applied pursuant to Rule 23.1 of the Federal Rules of Civil Procedure for an Order to approve the proposed settlement of the Federal Derivative Action in accordance with the Stipulation of Compromise and Settlement entered into by the parties, dated as of December 17, 2009 (the "Stipulation"), and for the dismissal of the Federal Derivative Action with prejudice upon the terms and conditions set forth in the Stipulation (the "Settlement"). The parties to a parallel derivative action currently pending in the Supreme Court of the State of New York, *In re Comverse Technology, Inc. Derivative Litigation*, No. 601272/06, have also signed the Stipulation and have therefore agreed to be bound by its terms. The parties anticipate seeking dismissal with prejudice of the pending state derivative action if and when this Court grants final approval of the Settlement. The Court having read and considered the Stipulation and accompanying documents, and all parties having consented to the entry of this Order,

NOW, THEREFORE, this 2ⁿᴰ day of April, 2010, upon application of the Parties,

IT IS HEREBY ORDERED as follows:

1. Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2. For purposes of this Settlement, the Federal Derivative Action is to be treated as a properly maintained derivative action on behalf of Comverse under Rule 23.1 of the Federal

Rules of Civil Procedure and Louisiana Municipal Police Employees' Retirement System is to be treated as an appropriate derivative plaintiff.

3. The Settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, provides substantial value to the Company and falls within the range of possible approval and, therefore, merits further consideration.

4. The Court preliminarily finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Company and its Shareholders.

5. The Court has scheduled a Settlement Hearing, which will be held on June 24, 2010, at 10:00 a.m., at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, to:

    (a) consider the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Company and its Shareholders;

    (b) consider an Order and Final Judgment dismissing the Federal Derivative Action with prejudice, with each Party to bear his or its own costs, and release and enjoin prosecution of any and all Released Claims;

    (c) consider Plaintiffs' Counsel's request for an award of Fees and Expenses; and

    (d) hear other such matters as the Court may deem necessary and appropriate.

6. The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to the Company's Shareholders.

2

7. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Federal Derivative Action and without further notice to the Company's Shareholders.

8. The Court approves, as to form and content, the Notice of Pendency and Settlement of Derivative Actions and of Settlement Hearing (the "Notice"), annexed as Exhibit 1 to Exhibit A to the Stipulation, and the Summary Notice of Pendency and Settlement of Derivative Actions and of Settlement Hearing ("Publication Notice"), annexed as Exhibit 2 to Exhibit A to the Stipulation, and finds that the filing, posting, and publication of these notices, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of all matters relating to the Settlement.

9. All costs incurred in notifying the Company's Shareholders of the Settlement, shall be paid by the Company, and in no event shall Plaintiffs or their counsel be responsible for any costs relating to notifying Shareholders.

10. No later than __April 7__, 20__10__, Comverse's counsel shall cause a copy of the Notice, substantially in the form annexed as Exhibit 1 to Exhibit A to the Stipulation, to be (1) filed in a Form 8-K with the SEC, along with a copy of the Stipulation as an exhibit to the Form 8-K, and (2) posted on the Company's website through the date of the Settlement Hearing.

11. No later than __April 22__, 20__10__, Comverse's counsel shall cause a copy of the Publication Notice, substantially in the form annexed as Exhibit 2 to Exhibit A to the Stipulation to be published in *The Wall Street Journal*.

DOCSNY-368918v06

12. At least seven (7) days prior to the Settlement Hearing, Comverse's counsel shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such SEC filing, website posting, and publication.

13. All proceedings in the Federal Derivative Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and suspended until further Order of this Court. Pending final determination of whether the Stipulation should be approved, Plaintiffs, the Company, Plaintiffs' Counsel, all of the Company's Shareholders, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Persons.

14. Any Shareholder as of April 2 , 2010 [date of Preliminary Order], that continues to hold shares of Comverse common stock as of the date of the Settlement Hearing ("Objecting Shareholder") may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Federal Derivative Action should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to counsel for the Plaintiffs; provided, however, that no Objecting Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to counsel for the Plaintiffs unless that person files and serves his, her, or its objection in accordance with the terms and conditions in the Notice.

15. Any Objecting Shareholder who does not file and serve a timely objection in accordance with the terms and conditions in the Notice shall be deemed to have waived any

objection such Objecting Shareholder might have, and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Settlement, the Stipulation or any provision thereof, the dismissal of the Derivative Actions, or the application and award of attorneys' fees and expenses and/or any other proceedings herein, and shall have no right to appeal therefrom.

16. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

17. If the Stipulation is not approved by the Court, is terminated, or shall not become effective for any reason, the Federal Derivative Action shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court, and neither the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or offered or received in evidence at any proceeding in the Federal Derivative Action or any other action or proceeding.

IT IS SO ORDERED

DATED: April 2, 2010

                                        s/Nicholas G. Garaufis
                                        U.S.D.J. NICHOLAS G. GARAUFIS