UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE COMVERSE TECHNOLOGY, INC.
DERIVATIVE LITIGATION

06-CV-1849 (NGG)(RER)

### ORDER AND FINAL JUDGMENT APPROVING
### SETTLEMENT AND DISMISSING WITH PREJUDICE

WHEREAS, the above-captioned consolidated shareholder derivative action having come on regularly for a hearing, as noticed, on June 21, 2010, at 10 a.m., pursuant to the Order of this Court, dated April 2, 2010 (the "Preliminary Order"), to consider and determine the matters set forth in the Preliminary Order; and

WHEREAS, due and sufficient notice having been given as provided in the Hearing Order, and all persons having any objection to the proposed settlement or the request for attorneys' fees and expenses described in the Notice of Pendency and Settlement of Derivative Actions and of Settlement Hearing having been given an opportunity to present such objections to the Court; and

WHEREAS, no objections to the settlement or the requested attorneys' fees and expenses were received; and

WHEREAS, on June 23, 2010, the Court entered an order approving the settlement and, having reviewed the parties' written submissions and heard the testimony of counsel to the parties, determined that the requested attorneys' fees and expenses of $9,350,000.00 was fair and reasonable; and

WHEREAS, the Court having heard and considered the matter, including all papers filed in connection therewith, the arguments of the parties at the June 21, 2010 hearing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation of Compromise and Settlement executed by the Parties on December 17, 2009, and filed with the Court on December 22, 2009, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Federal Derivative Action, and over all parties to the Federal Derivative Action and Stipulation, for purposes of reviewing and approving the Settlement, including nominal defendant Comverse Technology, Inc., the Individual Defendants,[1] Deloitte & Touche LLP, and Comverse's Shareholders.

3. The Notice is hereby determined to be fair, reasonable, and adequate notice under the circumstances and in full compliance with Rule 23.1 of the Federal Rules of Civil Procedure, and the requirements of due process of the United States Constitution and any other applicable laws, and constitutes due and sufficient notice.

4. This action is properly maintained as a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure on behalf of Comverse and Louisiana Municipal Police Employees' Retirement System is an appropriate derivative plaintiff.

5. The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is in all respects fair, just, reasonable, and adequate to Comverse and its Shareholders and shall be consummated in accordance with the terms and conditions of the Stipulation. The Parties are hereby authorized and directed to comply with the terms of the Stipulation and to consummate the Settlement in accordance with its terms and provisions.

---

[1] The "Individual Defendants" are Jacob "Kobi" Alexander ("Mr. Alexander" or "Alexander"), John H. Friedman, William F. Sorin, Ron Hiram, Itsik Danziger, Sam Oolie, Carmel Vernia, Francis Girard, Igal Nissim, David Kreinberg, Zeev Bregman, Dan Bodner, Shaula A. Yemini, Zvi Alexander, Yechiam Yemini, Shawn K. Osborne, and Raz Alon. Individual Defendant Raz Alon is a defendant in only the Federal Derivative Action. Zvi Alexander and Carmel Vernia were named as defendants in the Derivative Actions, but service was never perfected. As former officers and/or directors of Comverse, they are included as part of the definition of Released Persons and will be released as part of the proposed settlement.

6. The Federal Derivative Action, and each of the complaints filed therein, and all of the Released Claims as against the Released Persons, are hereby **DISMISSED WITH PREJUDICE**, with each Party to bear his or its own costs (except as otherwise provided in this Order and Final Judgment or the Stipulation).

7. Plaintiffs, on behalf of themselves and their Related Persons, Comverse, and any Comverse Shareholder, are hereby forever barred and enjoined from prosecuting any Released Claims they may have against any of the Released Persons. Plaintiffs are also hereby forever barred and enjoined from prosecuting any claims against the Defendants' counsel related to the defense of the Derivative Actions.

8. Each Defendant, on behalf of himself or itself and on behalf of his or its respective Related Persons, is hereby forever barred and enjoined from prosecuting any Released Defendants' Claims they may have against any of the Plaintiffs and Plaintiffs' Counsel and their subsidiaries, affiliates, members, directors, officers, employees, partners, agents, heirs, administrators, successors, and assigns.

9. Each Defendant and his or its Related Persons shall be hereby barred and enjoined from prosecuting any claims (including Unknown Claims) against each other and their respective Related Persons, arising out of, relating to, or in connection with the Released Claims. Notwithstanding the above, nothing in this paragraph shall bar any claims or potential claims that Comverse or any Person who is or was a Defendant in the Derivative Actions may have under or relating to any policy of liability or other insurance. Notwithstanding anything in this paragraph, the exchange of releases between Mr. Alexander and Comverse and the scope of such releases shall be in accordance with the terms set forth in Exhibit C to the Stipulation.

10. Each of the Defendants and any other Person shall be deemed to be, and by operation of this Order and Final Judgment shall be, permanently barred, enjoined, and restrained

from commencing, prosecuting, or asserting any claim(s) for contribution, however denominated, that is related to, based upon, or arises out of the Released Claims, regardless of whether such claim(s) for contribution is asserted as a claim, cross-claim, counterclaim, third-party claim, or in any other manner, in the Derivative Actions, the Direct Actions, or in any other court, arbitration, administrative agency, or forum. All such claims for contribution will be extinguished, discharged, satisfied, and unenforceable both (a) against the Released Persons and (b) by the Released Persons against any other Person. Nothing herein, however, shall prevent any Party from seeking documents or testimony from any Defendant with regard to any proceeding.

11. In the event Mr. Alexander terminates his settlement in the Shareholder Class Action and/or the Derivative Actions, he shall be severed from this Order and Final Judgment and this Order and Final Judgment shall remain binding on Plaintiffs, on behalf of themselves and their Related Persons, Comverse, and any Comverse Shareholder, on the one hand, and Comverse and all Defendants, other than Mr. Alexander on the other hand. Notwithstanding anything in this Order and Final Judgment to the contrary, if Mr. Alexander terminates his Settlement with the Shareholder Class Action and/or the Derivative Actions, he shall remain bound by and subject to the contribution bar order described in paragraph 10 above, but nothing herein shall affect Mr. Alexander's right to a set-off, judgment reduction or other credit against the Derivative Plaintiffs or Comverse pursuant to 15 U.S.C. § 78u-4(f)(7)(B), N.Y. § GOL 15-108, or other provisions of federal or state statutory or common law, in the event he terminates this Settlement.

12. Plaintiffs' Counsel is hereby awarded Fees and Expenses in the amount of $ _9,350,000.00_____, which Comverse will pay to Milberg LLP as receiving agent for Plaintiffs' Counsel within the later of (i) August 30, 2010, or (ii) thirty (30) days of the later of the State Dismissal, the Federal Dismissal, or the Shareholder Class Action Settlement.

4

Plaintiffs' Counsel's receipt of the Fees and Expenses is subject to Plaintiffs' Counsel's joint and several obligation to make a refund or repayment to the Company or its designee if, as a result of any appeal and/or further proceedings on remand, or successful collateral attacks, the amount of Fees and Expenses is reduced. In the event that a Party fails to comply with Section 3.3.1 of the Stipulation, Fees and Expenses will be reduced by an amount such that total payment of Fees and Expenses does not exceed fifteen percent of the total amounts actually paid under Section 3.3.1.

13. Nothing in the Stipulation, the Settlement set forth therein, or any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is, may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Defendants or Released Persons; or is or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and the Released Persons may file this Order and Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, any theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

14. Nothing contained herein shall be construed to release, discharge, extinguish or otherwise compromise any claims, potential claims, duties, obligations or rights that Comverse or any Person who is or was a defendant in the Derivative Actions or any insurer may have or owe under or relating to any policy of liability or other insurance.

15. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain continuing jurisdiction to enter any further orders as may be necessary to effectuate or enforce the terms and provisions of the Stipulation and the Settlement, to protect

and effectuate the provisions of this Order and Final Judgment, and to hear and determine other matters relating to the administration, consummation, construction, or enforcement of the Settlement provided for in the Stipulation and in this Order and Final Judgment.

16. The Clerk of the Court is directed to enter this Final Judgment pursuant to this Order in accordance with Rules 54 and 58 of the Federal Rules of Civil Procedure.

So ordered.
Dated: June 23, 2010

~~ENTER:~~

s/Nicholas G. Garaufis
U.S.D.J. Nicholas G. Garaufis

~~Judgment signed and entered this ___ day of ___, 20___.~~